**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4725**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

YERWIN IVAN HERNANDEZ-ORDONEZ, a/k/a Probador,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. Robert E. Payne, Senior District Judge. (3:16-cr-00137-REP-1)

Submitted: July 31, 2018                          Decided: August 8, 2018

Before WILKINSON, MOTZ, and DIAZ, Circuit Judges.

Affirmed in part, dismissed in part by unpublished per curiam opinion.

Lawrence H. Woodward, Jr., RULOFF, SWAIN, HADDAD, MORECOCK, TALBERT, & WOODWARD, P.C., Virginia Beach, Virginia, for Appellant. Stephen Wiley Miller, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Yerwin Ivan Hernandez-Ordonez pleaded guilty to use of a firearm during a crime of violence causing the death of another person, in violation of 18 U.S.C. § 924(c)(1)(A)(iii), (j)(1) (2012). The district court sentenced Hernandez-Ordonez to 365 months of imprisonment and he now appeals. On appeal, counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), questioning whether Hernandez-Ordonez's waiver of his appellate rights contained in the plea agreement was knowing and voluntary. The Government, however, has moved to dismiss the appeal based on that waiver. For the reasons that follow, we affirm in part and dismiss in part.

Pursuant to a plea agreement, a defendant may waive his appellate rights under 18 U.S.C. § 3742 (2012). *United States v. Archie*, 771 F.3d 217, 221 (4th Cir. 2014). A waiver will preclude appeal of a specific issue if the waiver is valid and the issue is within the scope of the waiver. *Id.* Whether a defendant validly waived his right to appeal is a question of law that we review de novo. *Id.* at 168.

"The validity of an appeal waiver depends on whether the defendant knowingly and intelligently agreed to waive the right to appeal." *United States v. Blick*, 408 F.3d 162, 169 (4th Cir. 2005). To determine whether a waiver is knowing and intelligent, we examine "the totality of the circumstances, including the experience and conduct of the accused, as well as the accused's educational background and familiarity with the terms of the plea agreement." *United States v. General*, 278 F.3d 389, 400 (4th Cir. 2002) (internal quotation marks omitted). Generally, if the district court fully questions a defendant regarding the waiver of his right to appeal during the Fed. R. Crim. P. 11

2

colloquy, the waiver is both valid and enforceable. *United States v. Johnson*, 410 F.3d 137, 151 (4th Cir. 2005).

Moreover, the purpose of the Rule 11 colloquy is to ensure that the plea of guilt is entered into knowingly and voluntarily. *See United States v. Vonn*, 535 U.S. 55, 58 (2002). Accordingly, prior to accepting a guilty plea, a trial court, through colloquy with the defendant, must inform the defendant of, and determine that he understands, the nature of the charges to which the plea is offered, any mandatory minimum penalty, the maximum possible penalty he faces, and the various rights he is relinquishing by pleading guilty. Fed. R. Crim. P. 11(b). The court also must determine whether there is a factual basis for the plea. *Id.*; *United States v. DeFusco*, 949 F.2d 114, 120 (4th Cir. 1991).

We have thoroughly reviewed the record and conclude that the magistrate judge and the district court fully complied with the requirements of Rule 11. We further conclude that Hernandez-Ordonez voluntarily pleaded guilty and that his waiver of his appellate rights was knowing and intelligent. The appellate waiver included Hernandez-Ordonez's right to appeal his conviction on any ground other than ineffective assistance of counsel and any sentence imposed, except a sentence above the statutory maximum sentence. Here, we have concluded that Hernandez-Ordonez's guilty plea was knowing and voluntary, ineffective assistance of counsel does not appear on the record, and the district court sentenced Hernandez-Ordonez within the statutory range.

We have examined the entire record in accordance with the requirements of *Anders* and have found no meritorious issues for appeal. Accordingly, we affirm in part and grant the Government's motion to dismiss in part. This court requires that counsel

3

inform Hernandez-Ordonez, in writing, of the right to petition the Supreme Court of the United States for further review. If Hernandez-Ordonez requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Hernandez-Ordonez. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

*AFFIRMED IN PART*,
*DISMISSED IN PART*